**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICTOR S. R., | Case No. 2:25-cv-02770-HDV (E) |
| Plaintiff, | |
| v. | **ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |
| FRANK BISIGNANO, Commissioner of Social Security, | |
| Defendant. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, the records on file, and the Report and Recommendation of the United States Magistrate Judge ("Report"). Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

The Report recommends that the Commissioner's decision to deny Plaintiff's application for disability benefits be affirmed. (Dkt. 22.) Plaintiff's objections to the Report (Dkt. 23) do not merit a change to the Report's findings or recommendations.

Plaintiff objects that the Administrative Law Judge ("ALJ") failed to account for Plaintiff's manipulative limitations with his dominant, right upper extremity. (Dkt. 23 at 2-4.) But Plaintiff must "detail what other physical limitations follow

from the evidence" of the condition in his right upper extremity. *See Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685,  692 n.2 (9th Cir. 2009).  The only medical evidence of manipulative limitations that Plaintiff cites is Dr. Karamlou's findings that Plaintiff "was only able to push and pull occasionally" and "could occasionally reach (overhead and all other) and handle."  (Dkt. 23 at 3 (citing Dkt. 11-8 at 780 and 784).)  Ultimately, however, Dr. Karamlou found that Plaintiff had no limitations in the use of his hands for fine and gross manipulation.  (Dkt. 11-8 at 781.)  To the extent that Dr. Karamlou also found some more restrictive limitations, the ALJ found them unpersuasive because "the record was not consistent with the opinion that [Plaintiff] is limited in using his right hand.  There were only few findings for his shoulders, which was not consistent with the reaching limitations opined[.]"  (Dkt. 11-9 at 16.)  Plaintiff does not show how the ALJ's findings as to Dr. Karamlou were erroneous.

Plaintiff relatedly objects that the ALJ failed to account for Plaintiff's manipulative limitations because Plaintiff alleged that he had such limitations.  (Dkt. 23 at 3-4.)  Plaintiff also objects, more broadly, that substantial evidence does not support the ALJ's symptom evaluation of Plaintiff's testimony.  (*Id*. at 4-6.)  The Court agrees with the Report that the ALJ discounted Plaintiff's subjective testimony and statements on permissible grounds, and substantial evidence supports the ALJ's reasoning.  (Dkt. 22 at 25.)  First, Plaintiff's daily activities included caring for his two young children, performing some household chores, taking his children to and from the community learning center, walking 35 to 45 minutes per day, and building a jungle gym, which were incompatible with the extreme limitations in walking, sitting, and lifting that Plaintiff sometimes alleged.  (Dkt. 11-9 at 14 (citing Dkt. 11-7 at 41-45 and Dkt. 11-8 at 314, 505).)  Second, Plaintiff's treatment was routine and conservative, consisting mostly of physical therapy and medications.  (Dkt. 11-9 at 14 (citing Dkt. 11-8 at 2-7 and 595).)  Third, the subjective allegations were greater than expected in light of the objective

evidence of record.  (Dkt. 11-9 at 14 (citing Dkt. 11-8 at 6, 75, 190-95, 312, 342 ).)  To the extent that Plaintiff cites evidence suggesting greater limitations (Dkt. 23 at 5), the Court agrees with the Report that it "should uphold the ALJ's rational interpretation of sometimes conflicting evidence in this case."  (Dkt. 22 at 17.)

IT IS ORDERED that (1) the decision of the Commissioner of the Social Security Administration is affirmed; and (2) Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that the Clerk serve forthwith a copy of this Order, the Magistrate Judges' Report and Recommendation and the Judgment of this date on Plaintiff, counsel for Plaintiff and counsel for Defendant.

DATED: _01/20/26_____

_____
HERNÁN  D. VERA
UNITED STATES DISTRICT JUDGE

3